R. Terry Parker, Esquire
RATH, YOUNG and PIGNATELLI, P.C.
120 Water Street, Second Floor
Boston, MA 02109
Telephone: (603) 226-2600
Email: rtp@rathlaw.com

*Attorney for Defendants*



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/22/20

### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WALLACE CHURCH & CO., INC. f/k/a WALLACE CHURCH, CO. f/k/a WALLACE CHURCH, INC. and STAN CHURCH,<br>    Plaintiffs,<br>vs.<br>WYATTZIER, LLC, d/b/a ICONIC BRANDS, RONALD ZIER & KENNETH WYATT.,<br>    Defendants. | Case No.: 1:20-cv-01914-CM<br><br>**JOINT PROTECTIVE ORDER** |

### STIPULATED DISCOVERY PROTECTIVE ORDER

Plaintiff Wallace Church & Co., Inc. f/k/a Wallace church, Co. f/k/a Wallace Church, Inc. and Stan Church ("Plaintiffs") and Defendant WyattZier LLC, d/b/a Iconic Brands, Ronald Zier and Kenneth Wyatt ("Defendants") request the following Stipulated Discovery Protective Order be entered to keep materials produced in discovery confidential and to provide for the return or destruction of such materials at the conclusion of this litigation.

**1. Purposes and Limitations.**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.

Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulation and Protective Order. The Parties acknowledge that this Stipulation and Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the standards set forth herein. The parties further acknowledge that this Discovery Protective Stipulation and Order does not entitle them to file confidential information under seal; the parties shall follow pertinent Rules of Court, local rules, and/or the Individual Rules and Procedures for Civil Cases of the Hon. Colleen McMahon, U.S.D.J., when a party seeks to file material under seal.

## 2. Definitions.

2.1  Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2  "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored, or maintained) or tangible things: (a) that contain trade secrets, proprietary information, security information, competitively sensitive or strategic marketing, financial, sales or other confidential business information, analyses, agreements, and business relationships, or (b) that contain private or confidential personal information, or (c) that contain information received in confidence from third parties, or (d) which the Producing Party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure.

2.3  Counsel: counsel of record and (if applicable) local counsel (as well as their respective support staff).

2.4  Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY".

2.5   Disclosure or Discovery Material: all items or information regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential" Information or Items, that the Designating Party believes in good faith is of such sensitive or secret nature that disclosure of such information to any other Party or non-Party reasonably poses the risk of competitive injury, including but not limited to, information it deems a trade secret.

2.7   Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.8   Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and its Counsel.

2.9   Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.10   Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, jury or trial consulting, preparing exhibits or demonstratives, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.11   Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.12   Receiving Party: a Party that receives Disclosure or Discovery Material from a

Producing Party.

### 3. Scope.

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

### 4. Duration.

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect. <u>Within sixty (60) days of the final disposition of this action (including all appeals), all Discovery Material designated as "Confidential" or "Attorneys' Eyes Only" and all copies thereof, shall be promptly returned to the producing person, or, in the case of copies (not originals) destroyed. To the extent that return or destruction of such documents is not feasible (e.g., because the material has been stored electronically and cannot readily be deleted), the receiving party may comply with this requirement by sequestering the information and taking reasonable steps to ensure it will not be accessed.</u> Notwithstanding the foregoing, Counsel are entitled to retain an archival copy of all pleadings, motions papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Discovery Protective Order as set forth in this Section 4 . Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension

4

of time pursuant to applicable law.

## 5. Designating Protected Material.

5.1   Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Producing Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

If it comes to a Designating Party's attention that information or items that it designates for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2   Manner and Timing of Designations. Except as otherwise provided in this Order or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for Information In Documentary Form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page of the document that contains protected material.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material

it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page of the document that contains Protected Material.

(b) <u>for Testimony Given In Deposition Or In Other Pretrial Or Trial Proceedings,</u> that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to thirty (30) days following receipt of the final certified transcript to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection on the record before the close of the deposition or within the 30-day period if properly invoked shall be covered by the provisions of this Stipulated Discovery Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 30 days afterwards if that period is properly invoked, that the transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or

other proceeding will include disclosure of Protected Material so that the other parties can ensure that only individuals who are authorized under this Order are present at those proceedings. The use of a document at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and where feasible, the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated on the record as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 30-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c) for Information Produced In Some Form Other Than Documentary And For Any Other Tangible Items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

5.3   Inadvertent Failures to Designate.   An inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order, including the return or destruction of Protected Material disclosed to unauthorized persons prior to the correction.

## 6. Challenging Confidentiality Designations

6.1     Timing of Challenges. Any Party may challenge a designation of confidentiality if it does so within twenty (20) days of receipt of the disclosed documents. Unless a challenge to a Designating Party's confidentiality designation is made with those twenty (20 days, a Party waives its right to challenge a confidentiality designation by having not mounted a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) within fourteen (14 days) of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process in a timely manner.

6.3     Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the Challenging Party shall present the dispute to the Court in accordance with the Individual Rules and Procedures for Civil Cases of the Hon. Colleen McMahon, U.S.D.J. or other applicable rule or Order, within fourteen (14) days of the Parties agreeing that the meet and confer

8

process will not resolve their dispute, whichever is earlier. Failure by the Challenging Party to so present the dispute within fourteen (14) days shall automatically waive its objections.

The burden of persuasion in any such challenge proceeding shall be on the Challenging Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. All parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

### 7. Access to and Use of Protected Material.

7.1     Basic Principles. Unless otherwise ordered, a Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)     counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

(b)     as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(c)     any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person

9

has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(d) stenographers engaged to transcript depositions conducted in this action; and,

(e) the S.D.N.Y. Court and its support personnel.

7.4 Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) The Receiving Party's Counsel in this action, who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), including their respective secretarial, paralegal, and other support staff;

(b) The Court and its personnel;

(d) Court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A); and

(e) The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.5 All Confidential or Attorneys' Eyes Only Information or items that a Party seeks to file with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Confidential or Attorneys' Eyes Only Discovery Information or items shall be filed under seal with the Clerk of the Court and kept under seal until further order of the Court in accordance with the Individual Rules and Procedures for Civil Cases of the Hon. Collen

McMahon, U.S.D.J. or other applicable rule or Order.

### 8. Protected Material Subpoenaed or Ordered Produced in Other Litigation

If a Party is served with a subpoena or a Court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or Court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Discovery Protective Order. Such notification shall include a copy of this Stipulated Discovery Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or Court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that Court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another Court.

### 9. A Non-Party's Protected Material Sought to be Produced in this Litigation.

(a) The terms of this Discovery Confidentiality Order are applicable to information

11

produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1. promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2. promptly provide the Non-Party with a copy of the Stipulated Discovery Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3. make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this Court within fourteen (14) days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely objects or seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a Court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

**10. Unauthorized Disclosure of Protected Material.**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Discovery Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material or ensure they are destroyed, (c) inform the person or persons to whom unauthorized disclosures were made of all the term of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 11. Privileged or Otherwise Protected Material.

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the Parties reach an agreement on the effect of a communication or information covered by the attorney-client privilege or work product protection, the Parties may incorporate their agreement in the Stipulated Discovery Protective Order submitted to the Court.

Except as otherwise authorized below, the Parties will maintain privilege logs of all documents withheld from production, or redacted, based on attorney-client privilege or work product protection, or other applicable protection or immunity from disclosure. The privilege logs will include at least each withheld document's name (unless privileged), description, author(s) and recipient(s), date of the document's creation, date of the document's last modification, and the legal grounds for withholding the document from the Requesting Party.

The Parties agree that privileged communications, such as communications between the Parties and their counsel in anticipation of this litigation and after the filing of this lawsuit, need not be included on such privilege log.

## 12. Miscellaneous

12.1   Right to Further Relief.   Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2   Right to Assert Other Objections.   By stipulating to the entry of this Discovery Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Discovery Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Discovery Protective Order.

IT IS SO ORDERED.

DATED: 12/22/20

_____
The Honorable Collen McMahon, U.S.D.J.

IT IS SO STIPULATED, THROUGH COUNSEL.

DATED: _____        _____
                              Counsel for Plaintiff


DATED: _____        _____
                              Counsel for Defendant

## EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WALLACE CHURCH & CO., INC. f/k/a WALLACE CHURCH, CO. f/k/a WALLACE CHURCH, INC. and STAN CHURCH, <br><br> Plaintiffs, <br><br> vs. <br><br> WYATTZIER, LLC, d/b/a ICONIC BRANDS, RONALD ZIER & KENNETH WYATT., <br><br> Defendant. | 1:20-cv-01914-CM <br><br> ACKNOWLEDGMENT AND AGREEMENT TO CONFIDENTIALITY ORDER |

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY THE CONFIDENTIALITY ORDER

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Discovery Confidentiality Stipulation and Order that was issued by the United States District Court for the District of New Jersey on _____, 2020 in the case of *Wallace Church & Co., Inc. et al v. WyattZier, LLC et al.* Civil Action No. 1:20-cv-01914. I agree to comply with and to be bound by all the terms of this Stipulation and Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to the Stipulation and Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Southern District of New York for the purpose of enforcing the terms of this Stipulation and Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name:_____
    [printed name]

Signature:_____
    [signature]